UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PATRICK RAY BATES,                )
                                  )
          Plaintiff,              )
                                  )
                                  )
v.                                )   No. 3:13-CV-507
                                  )   (MATTICE/SHIRLEY)
                                  )
CAROLYN W. COLVIN,                )
Acting Commissioner of Social Security, )
                                  )
          Defendant.              )

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 11, 12] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 13, 14]. Plaintiff Patrick Ray Bates seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

The Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income under the Social Security Act on July 27, 2010, alleging disability since June 15, 2010, due to deep vein thrombosis and diabetes. His application was denied initially and upon reconsideration. The Plaintiff then requested a hearing, which was held before ALJ Joan A. Lawrence, in Knoxville, Tennessee, on November 22, 2011. The Plaintiff was present and testified. Thereafter, the ALJ issued an

1

unfavorable decision on April 12, 2012, finding the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review of that decision; thus, the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

## I. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since June 15, 2010, the amended alleged onset date (20 CFR 404.1520(c) and 416.920(c)).
>
> 3. The claimant has the following severe impairments: deep vein thrombosis; obesity and diabetes (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of *sedentary* work as defined in 20 CFR 404.1567(a) and 416.967(a).
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on April 12, 1976 and was 34 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See Social Security Ruling 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 17-21] (emphasis added).

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or

3

whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III.   STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the

4

correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to

5

reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

**IV.   POSITIONS OF THE PARTIES**

The Plaintiff raises two allegations of error related to the issue of credibility. First, the Plaintiff argues that the ALJ failed to properly evaluate his subjective complaints. [Doc. 12 at 5]. Second, the Plaintiff contends that new and material evidence submitted to the Appeals Council supports a sentence six remand because the evidence demonstrates that his subjective allegations were not properly evaluated by the ALJ. [Id. at 10].

The Commissioner argues that substantial evidence supports the ALJ's credibility determination. [Doc. 14 at 4]. The Commissioner further maintains that the additional evidence submitted to the Appeals Council does not warrant a sentence six remand. [Id. at 10].

6

## V. ANALYSIS

The Court will address the Plaintiff's allegations of error in turn.

### A. Plaintiff's Credibility

The Plaintiff argues that his subjective allegations are supported by the record as they are without contradiction by any medical source opinion and such allegations have been consistent throughout his reporting. [Doc. 12 at 5].

During the hearing, the Plaintiff testified about his ability to stand, walk, and sit as well as the need to elevate his legs periodically due to experiencing leg swelling on a daily basis. The Plaintiff explained that while his legs do not swell as much if he keeps off of them, he has to frequently alternate between siting and standing because staying in one position for an extended period of time hurts his legs. [Tr. 35]. In addition, he testified that he elevates his legs twice a day for around 45 minutes each time. [Tr. 34, 36]. The Plaintiff explained that he can walk for about 15 minutes or half a mile before his legs begin to throb, he can stand anywhere between 30 and 45 minutes, and he can sit for 30 minutes at a time. [Tr. 35-36].

In the disability determination, the ALJ provided the framework for assessing a claimant's subjective complaints of pain and symptoms pursuant to the factors outlined in Social Security Ruling 96-7p. [Tr. 19]. The ALJ then provided the following evaluation concerning the Plaintiff's credibility:

> The claimant did not submit a function report, describing his activities of daily living. The claimant testified he has very limited ability to perform activities of daily living. The medical records show the claimant's blood sugars have improved with proper insulin treatment over the past several years. The claimant's deep vein thrombosis has improved with treatment. The claimant testified he had no problems with side effects from medication.

[Id.]. In conclusion, the ALJ found that "the claimant's subjective allegations of completely

7

debilitating symptoms and/or limitations are unpersuasive in light of the objective medical evidence, the degree, type and frequency of medical treatment, that partially credible reports, and the well-supported medical opinions of record." [Tr. 18-19].

The Plaintiff criticizes the ALJ's credibility finding, arguing that the ALJ provided an extremely limited evaluation. [Doc. 12 at 7]. First, the Plaintiff points out that although the record does not contain a function report, the Plaintiff did provide testimony during the hearing about his daily living activities, *i.e.*, level of functioning. [Id. at 8]. Second, the Plaintiff asserts that the record fails to substantiate any sustained improvement in his blood sugar levels. [Id.]. Third, while the Plaintiff agrees his deep vein thrombosis had improved since the time he was hospitalized in July 2010 for blood clots, such improvement was relative considering he was hospitalized for four days before being discharged and he continued experiencing symptoms associated with deep vein thrombosis. [Id.]. Finally, while the Plaintiff also concedes that he experienced no side effects from his medications, he argues that his medications also provided no resolution of his symptoms. [Id.]. Furthermore, the Plaintiff argues that the only opinion evidence of record that was relied on by the ALJ consisted of the opinions of two state agency physicians who provided no assessment of the Plaintiff's overall functional limitations. [Id. at 9].

The Commissioner argues that substantial evidence supports the ALJ's credibility determination. [Doc. 14 at 4]. The Commissioner asserts that the Plaintiff's testimony concerning his need to alternate between standing and sitting is consistent with the requirements of sedentary work because the regulation allows occasional changes in position. [Id.]. In addition, the Commissioner contends that the need to elevate one's legs is not necessarily inconsistent with sedentary work "provided Plaintiff elevates his legs outside the 8-hour

8

workday." [Id. at 4]. In the alternative, the Commissioner suggests that any limitation inconsistent with a full range of sedentary work was properly rejected by the ALJ in light of the evidence of record. [Id.]. As to the state agency physicians' opinions, the Commissioner contends that the opinions contradict the Plaintiff's testimony because the opinions do not indicate any significant limitations concerning the Plaintiff's ability to sit, stand, or walk. [Id. at 7]. The Commissioner further asserts that the Plaintiff has failed to explain how his diabetes limit his ability to sit or require him to elevate his legs as he has been able to work for many years at the light to medium exertional levels despite uncontrolled diabetes and high blood sugar. [Id. at 9].

"In evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." Walters, 127 F.3d at 531. The ALJ's findings regarding credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Id. However, the ALJ's finding must be supported by substantial evidence. Id.

Our appellate court has articulated the standard for evaluating subjective complaints as follows:

> First, we examine whether there is objective medical evidence in an underlying medical condition. If there is, we then examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Sec. of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986).

In deciding whether the objective evidence confirms the severity of the alleged pain or whether the objectively established medical condition is of such a severity that it can reasonably

9

be expected to produce the alleged disabling pain, the ALJ must consider the following factors: (i) daily activities; (ii) the location, frequency, and intensity of the pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) treatment, other than medication, received or have received for relief of pain or other symptoms; (vi) any measures that are used or were used to relieve pain or other symptoms; (vii) other factors concerning functional limitations and restrictions due to pain or other symptoms. Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *3 (1996); 20 C.F.R. § 1529(c)(3).

Although the ALJ is not required to address every factor, the ALJ's "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *3.

In the present matter, the Court finds that substantial evidence does not support the ALJ's credibility finding. The ALJ articulated four main reasons for discounting the Plaintiff's subjective allegations, none of which support the ALJ's conclusion that the Plaintiff's subjective allegations are only partially credible. First, the ALJ summarily stated that the Plaintiff testified that he was very limited in his ability to perform daily living activities. [Tr. 19]. While the Court could agree this is an accurate conclusion of the Plaintiff's testimony, the ALJ's statement does not explain how or why the Plaintiff's testimony was found only partially credible. As discussed above, the Plaintiff provided testimony that his daily activities were quite limited due to the need to elevate his legs twice a day and alternate between siting and standing. While the Commissioner argues that these limitations are accounted for in the regulation's definition of

10

Case 3:13-cv-00507-HSM-CCS   Document 15   Filed 05/05/14   Page 10 of 18   PageID #: 463

sedentary work,[1] the Court disagrees.

The Sixth Circuit has held that "[a]lternating between sitting and standing . . . may not be within the definition of sedentary work." Wages v. Sec'y of Health & Human Servs., 755 F.2d 495, 498 (6th Cir. 1985). The court explained that Social Security Ruling 83-12[2] recognizes the need for vocational expert testimony when determining whether the need to alternate between siting and standing affects an individual's ability to work:

> *[M]ost jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will.* In cases of unusual limitation of ability to sit or stand, a [vocational expert] should be consulted to clarify the implications for the occupational base.

Id. (emphasis in the original) (quoting Soc. Sec. Rul. 83-12, 1983 WL 31253, at *4 (1983)). Furthermore, "the need to elevate one's legs during the workday is a 'potentially crucial detail'" in determining whether such need presents a significant limitation on the claimant's ability to perform sedentary work. Bynum v. Apfel, 01-2331 GV, 2001 WL 1906274, at *9 (W.D. Tenn. Sept. 17, 2001) (citations omitted). Vocational expert testimony should likewise be consulted as such a "case does not fit within the [Medical-Vocational Guidelines]." Cooper v. Sullivan, No.

---

[1]Sedentary work is defined as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

[2]"Although Social Security Rulings do not have the same force and effect as statutes or regulations, '[t]hey are binding on all components of the Social Security Administration' and 'represent precedent final opinions and orders and statements of policy' upon which we rely in adjudicating cases.'" Blakley v. Comm'r Of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 402.35(b)).

89-6081, 902 F.2d 32, at *4 (6th Cir. May 18, 1990) (Westlaw).

In the present matter, the ALJ did not acquire vocational expert testimony and instead relied solely on the Medical-Vocational Guidelines in determining that the Plaintiff was capable of performing sedentary work. [Tr. 20-21]. Thus, any assertion made by the Commissioner that sedentary work by definition includes the Plaintiff's need to alternate between siting and standing is not supported by substantial evidence. The same is true regarding the Plaintiff's need to elevate his legs. In the alternative, the Court is not persuaded by the Commissioner's argument that any limitation inconsistent with sedentary work was properly disregarded by the ALJ because it was not credible. It is unclear to the Court how the ALJ arrived at her conclusion that the Plaintiff could perform sedentary work but did not need to elevate his legs or alternate between sitting and standing. There is no medical opinion of record assessing the Plaintiff's residual functional capacity and the evidence discussed by the ALJ, including the state agency physicians' opinions, likewise does not include any assessment of functional limitations. Without any meaningful discussion by the ALJ concerning the limitations attested to by the Plaintiff, the Court is unsure whether the ALJ disregarded the Plaintiff's testimony because it was not credible, or whether the ALJ simply overlooked the testimony when fashioning her opinion. The remaining three reasons given by the ALJ do not provide any further support for finding that the Plaintiff does not have additional limitations beyond those required for sedentary work.

For example, the ALJ noted secondly that the Plaintiff's blood sugar had improved with proper treatment over the years. However, treatment notes reveal that the Plaintiff's blood sugar remained consistently higher than normal for a diabetic person. Between 2008 and 2011, the

Plaintiff's A1C level ranged between 9 and 10.3[3] [Tr. 269, 276, 277, 279, 282, 286, 324], his glucose level was between 241 and 421 [Tr. 276, 283, 286, 323, 357], and his fasting blood sugar level stayed between 193 and 300 [Tr. 237, 282, 314]. At no time has the Plaintiff's lab reports indicated normal blood sugar findings. Thus, there is no real evidence of improvement, at least to the extent that such improvement could be deemed meaningful as any improvement would be mild at best.

Third, the ALJ found that the Plaintiff's deep vein thrombosis had improved with treatment. In reaching this conclusion, the ALJ relied on the opinion of the state agency physician who found that the Plaintiff's deep vein thrombosis was severe but expected to improve to nonsevere within 12 months and an arterial leg flow screen test performed in December 2011, which showed the Plaintiff's ankle brachial index was 1.0, indicating normal findings. [Tr. 19]. While this evidence may indeed show improvement to the extent that the Plaintiff's condition did not meet listing severity, this evidence does not offer any insight into how the condition affects the Plaintiff's functional limitations. It remains unclear to the Court how an expected improvement in the Plaintiff's condition indicates an ability to do sedentary work as opposed to greater work or an inability to work at all.

Finally, the ALJ cited that the Plaintiff experienced no side effects from his medication. While this may be true, it offers no basis for discounting the Plaintiff's subjective allegations.

Therefore, the Plaintiff's allegation of error in this regard is well-taken. The Court will recommend that the case be remanded to the ALJ to reevaluate the Plaintiff's credibility by explaining: (1) whether the Plaintiff needs to elevate his legs or alternate between siting and

---

[3] The average plasma glucose level, *i.e.*, A1C, for a diabetic adult is less than 7.0%. [Tr. 269]. For a healthy adult, the average level ranges between 4.8 and 5.9. [Id.].

13

standing during an eight-hour workday and the reasons for such findings; (2) whether or not this presents a limitation on the Plaintiff's ability to perform sedentary work; and (3) vocational testimony regarding the implications as to the occupational base.

### B. New Evidence

The Plaintiff maintains that additional evidence submitted to the Appeals Council is new and material because it further supports the Plaintiff's subjective allegations. [Doc. 12 at 10]. The additional evidence the Plaintiff relies on consists of medical records from Anderson County Health Department, Plaintiff's primary care provider, dated November 2011 through May 2012. [Id.]. The Plaintiff maintains that such evidence contradicts the ALJ's finding that the Plaintiff's blood sugar and deep vein thrombosis had improved. [Id.].

The Commissioner argues that this evidence does not reveal limitations that are more restrictive than the requirements of sedentary work and that the evidence demonstrates similar findings as those already considered by the ALJ. [Doc. 14 at 10].

On November 3, 2011, the Plaintiff presented to the health department, reporting that he was out of all his medications, including insulin for his diabetes and Lovenox for his deep vein thrombosis. [Tr. 372]. Treatment notes indicate that the Plaintiff had not been seen in 10 months. [Id.]. His glucose and A1C levels were reported high at 176 and 11.2, respectively. [Tr. 364, 366]. When the Plaintiff returned on January 31, 2012, it was noted that Lovenox was no longer being provided to him and an alternative medication was being sought by the health department. [Tr. 376]. Treatment notes also documented that the Plaintiff had trace pedal edema in his legs. [Id.]. In addition, the Plaintiff's glucose level was 191 and his A1C level was 11.8. [Tr. 367-68]. Finally, on May 29, 2012, the Plaintiff presented with complaints of leg swelling.

14

[Tr. 381]. His glucose level continued to climb to 225 and his A1C level remained high at 11.4. [Tr. 369-70].

The Court may not consider new evidence in its substantive review of the ALJ's denial of benefits. Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). However, pursuant to 42 U.S.C. § 405(g), the Court may "remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." Id. (quoting Cline v. Comm'r of Soc. Sec. 96 F.3d 146, 148 (6th Cir. 1996)). This is referred to as a "sentence six remand." Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988). The proponent of the new evidence bears the burden of proving all three elements. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 589 (6th Cir. 2005).

*1. New Evidence*

The Plaintiff argues that the additional evidence is new because it was not considered by the ALJ. [Doc. 12 at 12]. The Commissioner does not provide any specific argument in this regard. [Doc. 14 at 10-11].

Evidence is considered new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." Foster, 279 F.3d at 357 (quoting Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)). "New evidence must indeed be new; it cannot be cumulative of evidence already in the record." Pickard v. Comm'r of Soc. Sec., 224 F. Supp. 2d 1161, 1171 (W.D. Tenn. 2002) (quoting Elliott v. Apfel, 28 F. App'x 420, 424 (6th Cir. 2002)).

The Court finds the additional evidence submitted by the Plaintiff is not new. Regardless of whether the Court uses the date of the administrative hearing, which is when the ALJ closed the administrative record, or the date the ALJ rendered a decision, the evidence is not new

15

because it is cumulative of the evidence that was before the ALJ. Most notably, the additional evidence documents similarly high blood sugar levels and a complaint of leg swelling. This evidence does not offer any further details or insight into the Plaintiff's condition that was not already before the ALJ. Thus, any of the findings or reports documented in the additional evidence is duplicative at best. Accordingly, the Court finds that the evidence is not new.

*2. Material Evidence*

The Plaintiff contends that the evidence is also material "because there is a reasonable possibility that the new evidence would change the administrative outcome" as the additional evidence demonstrates that the Plaintiff's blood sugar and deep vein thrombosis had not improved as asserted by the ALJ. [Doc. 12 at 10-11].

The Commissioner argues that the additional evidence is not material because it presents records and findings that are similar to the those reviewed by the ALJ and it does not provide additional work-related limitations that would undermine the ALJ's decision. [Doc. 14 at 11]. In addition, the Commissioner maintains that the Plaintiff's blood sugar levels and leg pain is of little probative value considering the Plaintiff remained off his medication for some time. [Id.].

Evidence is material "only if there is a 'reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" Foster, 279 F.3d at 357 (quoting Sizemore, 865 F.2d at 711). In addition, "[e]vidence is material if it is probative of the claimant's condition during the time period at issue before the ALJ." Pickard, 224 F. Supp. 2d at 1171.

The Court likewise finds that the additional evidence is not material. The Court has already found the ALJ's conclusion that the Plaintiff's blood sugar had improved to be unsubstantiated in light of the entire record. Also problematic is the fact that the Plaintiff was off

16

his insulin for several months at the time he presented to the health department in November 2011, offering a reasonable explanation for the Plaintiff's high blood sugar. In addition, a single complaint of leg swelling offers little, if any, support that the Plaintiff's deep vein thrombosis had not improved. Similarly, the Plaintiff had not been taking Lovenox regularly as documented in the November 2011 and January 2012 treatment notes. Thus, the Court finds that the additional evidence submitted does not demonstrate a reasonable possibility that such evidence might lead to a different conclusion.

*3. Good Cause*

Lastly, the Plaintiff argues that good cause exist because the additional evidence is dated shortly before and shortly after the ALJ issued her decision. [Doc. 12 at 11].

The Commissioner contends that good cause has not been established because most of the medical records relied on by the Plaintiff are dated well before the ALJ's April 2012 decision. [Doc. 14 at 11].

Good cause is shown "by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." Foster, 279 F.3d at 357. "The mere fact that the evidence at issue was not in existence at the time of the ALJ's decision does not establish good cause." Pickard, 224 F. Supp. 2d at 1171. Further, "this circuit has taken a harder line on the good cause test." Oliver v. Sec'y Health & Human Servs., 804 F.2d 964, 966 (6th Cir. 1986).

The Court finds that the Plaintiff has not demonstrated good cause. With the exception of the May 2012 treatment notes, the Plaintiff had three to five months to obtain the additional evidence prior to the ALJ's decision and offers no explanation why this was an insufficient amount of time. While good cause is arguably shown for the May 2012 treatment notes as they

17

were not in existence until after the ALJ's decision, a sentence six remand is still not appropriate because the evidence is neither new nor material. Therefore, the Court finds that good cause does not exist. However, because the Court recommends that this case be remanded to reevaluate the Plaintiff's credibility, the Court notes that the ALJ may nonetheless wish to consider the additional evidence.

## VI.     CONCLUSION

Therefore, it is hereby **RECOMMENDED**[4] that Plaintiff's Motion for Summary Judgment [Doc. 11] be **GRANTED in part and DENIED in part** and the Commissioner's Motion for Summary Judgment [Doc. 13] be **GRANTED in part and DENIED in part**. The Court recommends that the ALJ reevaluate the Plaintiff's credibility by explaining: (1) whether the Plaintiff needs to elevate his legs or alternate between siting and standing during an eight-hour workday and the reasons for such findings; (2) whether or not this presents a limitation on the Plaintiff's ability to perform sedentary work; and (3) vocational testimony regarding the implications as to the occupational base.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).